IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH D. HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12cv738-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Elizabeth D. Hunter, applied for supplemental security income ("SSI"). Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Judge.  Pl.'s Consent to Jurisdiction (Doc. 8); Def.'s Consent to Jurisdiction (Doc. 9). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This Court

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-nine years old at the time she filed her application and had a limited education. Tr. 38. Plaintiff's past relevant work was as a "train operator at a zoo," "cashier/hostess," "server," "hotel manager," and performing "banquet set-up." *Id*. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since April 21, 2009, the

4

application date." (Step 1) Tr. 32.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "disc bulge and protrusion in the lumbar spine, obesity, and status post fracture of left forearm." *Id*.  The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) Tr. 34.  Next, the ALJ found that Plaintiff has the RFC to perform "nearly the full range of light work" with several restrictions. *Id*.  The ALJ then concluded that Plaintiff "is unable to perform any past relevant work." (Step 4) Tr. 38.  At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Tr. 39.  The ALJ identified the following occupations as examples:  "fingerprint clerk," "garment washer, hand," and "cloth examiner." *Id*.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, since April 21, 2009, the date the application was filed."  Tr. 40.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision:  (1) whether "the ALJ's Mental [RFC] findings are [] based on substantial evidence;" and (2) whether "the record supports a favorable finding under the Medical Vocational Rules ("MVR")."  Pl.'s Br. (Doc. 11) at 4-5.  The court will address each argument below.

## V.   DISCUSSION

### A.   *The Mental RFC Findings*

Plaintiff asserts that the ALJ's mental RFC findings are not supported by substantial evidence.  Plaintiff argues that there is an inconsistency in the ALJ's determination.  First, Plaintiff points to the ALJ's findings using the Psychiatric Review Technique, where he found that Plaintiff had mild difficulties with regard to activities of daily living, social functioning and in concentration, persistence and pace.  Pl.'s Br. (Doc. 11) at 8.  Second, Plaintiff points to the RFC where "the ALJ found Plaintiff should work in a 'low stress environment' and a 'low social contact environment with no responsible contact' and only occasional contact with the public, any that occurs should be brief and 'superficial.'  She should primarily work alone and perform tasks that require little independent judgment with routine, not 'rapid or multiple changes.'"  *Id*. at 9 (quoting Tr. 35).  Plaintiff argues that these two findings conflict.

The court finds this argument to be without merit.  To the extent that there are any inconsistencies between the report and the RFC, the limitations in the RFC are more severe than would be indicated in the Psychiatric Review Technique.  Thus, the limitations in the RFC would encompass any limitations by the Psychiatric Review Technique, and more.  Plaintiff is unable to show how she could have been harmed by the ALJ rendering a cautious RFC, giving her the benefit of any doubt.

Plaintiff also appears to argue that the mental RFC findings were flawed because "the ALJ failed to report a physician's observation even in the context of a consultative physical examination in July 2009–'The claimant is obviously depressed and cries

6

frequently,'" and because the ALJ focused on the Global Assessment of Functioning (GAF) score from December 2009 but ignored the mental health treatment from earlier in 2009 based on a July 2008 GAF score.  *Id*. at 10-11.

First, the ALJ is not required to discuss every piece of evidence of record.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).  Second, the ALJ discussed Plaintiff's assertions of depression, even noting Dr. May's diagnosis of depression.  Third, the GAF score mentioned by the ALJs was derived from the only source from whom Plaintiff sought treatment for her alleged mental impairments and was the most recent score.  *See* Tr. 32.  *See also, Ward v. Astrue*, 2008 WL 1994978, at *3 (M.D. Fla. May 8, 2008) (Absent evidence that an examiner assigned a GAF score based on his opinion regarding a patient's ability to work, a GAF score is not entitled to any weight and does not translate to a specific finding as to functional limitations.).  Even then, the ALJ stated that the score is not a "diagnostic value," but helpful in evaluating the psychiatrists impressions of Plaintiff.  *Id*.  The court finds no error has occurred here.

### B.     The Medical Vocational Rules

In the first part of this section of Plaintiff's brief, Plaintiff discusses the ALJ's use of the lack of "follow up treatment" in making the credibility determination regarding Plaintiff's subjective complaints of pain.  Then Plaintiff shifts to an apparent argument regarding the ALJ's use of the term "nearly the full range of light work" and how that is inconsistent considering all of the specific limitations immediately listed by the ALJ.  Plaintiff then jumps into a statement regarding the ALJ's obesity determination.  Finally, Plaintiff attempts to wrap these together, arguing that the "ALJ's RFC assessment would

better comport with the full range of sedentary work at best." Pl.'s Br. (Doc. 11) at 12. None of these paragraphs contain a clear and sufficient argument for the court's consideration. Indeed, the Commissioner appears at a loss as to how to respond, stating "[t]he Commissioner does not understand where Plaintiff is going with this argument, except, perhaps, to argue that a person who needs the option to sit and stand cannot perform light work." Def.'s Br. (Doc. 12) at n.3. The commissioner also points out that Plaintiff made no original claim for obesity and even now makes no claim as to how her obesity would render her RFC improper.

The court would also point out that Plaintiff's lack of "follow up treatment" was but one of the reasons listed by the ALJ to find her complaints to be less than credible. Indeed, the ALJ relied on the medical evidence of record which showed that Plaintiff's complaints were exaggerated and inconsistent with statements she made to her own treating physicians.

Plaintiff's suggestion that the RFC is flawed because the ALJ stated that Plaintiff could perform "nearly the full range of light work" and that she would be better suited for sedentary work is non-meritorious. Whether or not the ALJ should have used the term "nearly" does not change the fact that the ALJ specifically went beyond the use of the Medical Vocational Guidelines and sought testimony of the VE because Plaintiff's "ability to perform all or substantially all of the requirements of [light work] ha[d] been impeded by [the] additional limitations." Tr. 39. After considering the limitations in the RFC, the VE testified that the RFC there are jobs in the national economy that Plaintiff can perform. Tr. 39-40. Thus, no error occurred. Beyond that, Plaintiff fails to

specifically set forth any clear argument or point to any law in support in support of this issue.[5] The court finds that she has waived whatever argument she may have been trying to make here.

## VI.     CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 19th day of December, 2013.

>  /s/ Wallace Capel, Jr.
>  WALLACE CAPEL, JR.
>  UNITED STATES MAGISTRATE JUDGE

---

[5] The court would note that the only case citations contained within Plaintiff's brief occur in the second to last paragraph and relate merely to the ALJ's duty to develop the record.  However, Plaintiff makes no specific argument that the ALJ failed to develop the record.